IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| CONSTANTINO PERALES, | ) |
| Plaintiff, | ) |
| v. | ) No. 15 C 10110 |
| COUNTY OF LASALLE, et al, | ) Judge Virginia M. Kendall |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Constantino Perales filed the Complaint seeking redress for his conditions, failure to protect him from other inmates, placement in segregation, and medical treatment while detained in the LaSalle County Jail. The Complaint asserts claims under 42 U.S.C. § 1983 for violations of Perales's constitutional rights, but does not state which rights the Defendants violated. Defendants County of LaSalle, LaSalle County Sheriff's Office, Sheriff Thomas J. Templeton, and Jason Edgcomb ("LaSalle Defendants") move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 16.) Defendant Correct Care Solutions also filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6). (Dkt. No. 22.) For the reasons stated below, the Court grants the LaSalle Defendants' motion to dismiss claims against them for unconstitutional conditions with prejudice; and claims for failure to protect, violations of procedural due process, and deliberate indifference without prejudice. (Dkt. No. 16.) The Court grants Correct Care Solutions' motion to dismiss claims against it for deliberate indifference without prejudice. (Dkt. No. 22.)

1

**BACKGROUND**

On August 26, 2013, Perales was arrested and taken to the LaSalle County Jail. (Dkt. No. 5 at 6.)[1] He was placed in administrative isolation in a suicide cell for 44 days without an explanation or written statement. *Id.* Perales suffers from diabetes, arthritis, hypertension, and glaucoma. *Id.* His cell contained only a thin mattress and sheet, no pillow, and was often very cold. *Id.* An overhead fluorescent light in his cell was on at all times, but Perales was not allowed to cover his eyes or face according to officers' orders. *Id.* Officers often suddenly opened the peep holes into Perales's cell. *Id.* His cell was near the booking counter so Perales could hear constant talking and shouting. *Id.* at 6-7. Two inmates threatened Perales on September 29 2013 in the television and walking room of the Jail. *Id.* at 8. Perales asked the correctional officer if he could leave because he was scared, but the officer denied his request. *Id.*

Superintendent Edgcomb and a female correctional officer moved Perales to isolation room J 104 on October 7, 2013. *Id.* Other inmates repeatedly threatened him with bodily harm while he was housed in this second location. *Id.* During his time at the Jail, medical officials treated Perales's diabetes with metformin and glimipleride despite his request for medication without sulfonureas or metformin. *Id.* at 7. He was never placed on a diabetic diet. *Id.* at 8. Perales once experienced abdominal distension and pain for three hours. *Id.* A nurse checked his blood sugar and it was around 160, but she did not notify a doctor. *Id.* Perales suffered from a stroke in mid-October 2013 and asked to see a doctor, but his request was denied. *Id.* Perales was not allowed to shower and exercise for up to a week on several occasions. *Id.* On November 7, 2013, Perales was transferred into the U.S. Marshals' custody. *Id.* at 8. Perales

---

[1] The Complaint does not contain consistently numbered paragraphs, and therefore the Court cites to the page number of the Complaint.

learned on March 12, 2014 that he had suffered a stroke while in custody at the Jail.[2] (Dkt. No. 36 at 5; Dkt. No. 37 at 5.)

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. To survive a 12(b)(6) motion, the complaint must provide enough factual information to state a claim for relief that is plausible on its face and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the 12(b)(6) stage, all of the "factual allegations contained in the complaint" must be "accepted as true." *Twombly*, 550 U.S. at 572. Furthermore, well-pled facts are viewed in the light most favorable to the plaintiff. *See United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016). But "legal conclusions and conclusory allegations merely reciting the elements of a claim are not entitled to this presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011).

---

[2] In his responses to the motions to dismiss, Perales attached a document establishing that he did not learn that he had suffered a stroke until March 12, 2014. The Court considers this as a factual allegation without converting this into a motion for summary judgment because a plaintiff in opposing "a Rule 12(b)(6) dismissal may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." Geinosky v. City of Chi., 675 F.3d 743, 745 n.1 (7th Cir. 2012). Perales's claim that he learned about the stroke on March 12, 2014 is consistent with the Complaint.

## DISCUSSION

### I. Liability of Templeton & Edgcomb under Section 1983

#### A. Individual Capacities

Templeton and Edgcomb assert that all claims against them in their individual capacities should be dismissed under Rule 12(b)(6) because the Complaint contains no allegations demonstrating that they were involved in the allegedly unconstitutional violations. "Under any theory, to be liable under § 1983, the individual defendant must have 'caused or participated in a constitutional deprivation.'" *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). In order for supervisors to be liable in their individual capacity for a 1983 claim, "they must be personally responsible for the deprivation of the constitutional right." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (quotation omitted). For a complaint to properly plead that a supervisor was personally responsible, "the supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'" *Id.* (quoting *Jones v. City of Chi.*, 856 F.2d 985, 992-93 (7th Cir. 1988)). The Complaint contains no allegations demonstrating that Templeton or Edgcomb knew about, facilitated, condoned, or turned a blind eye to Perales's pretrial conditions or to the medical treatment the Jail provided Perales. The Court therefore grants Templeton and Edgcomb's motion to dismiss all claims against them in their individual capacity without prejudice. (Dkt. No. 16.)

#### B. Official Capacities

Additionally, Templeton and Edgcomb argue that the Complaint fails to state a claim for liability in their official capacities upon which relief can be granted because it does not allege

that a policy of the Jail caused the constitutional deprivations alleged. "Under § 1983, there is no respondeat superior liability. In order to prevail on an official capacity suit against the sheriff, the plaintiffs must show that an official policy or custom caused the injury." *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). "A plaintiff may demonstrate an official policy through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007). Even viewing the allegations in the Complaint in the light most favorable to Perales, it cannot be reasonably inferred that Templeton or Edgcomb violated Perales's constitutional rights as persons with final policymaking authority; nor it is plausible that Perales's constitutional deprivation was caused by a widespread practice that constituted a custom. *See Sims*, 506 F.3d at 515. The Complaint's only mention of an express policy at the Jail is that Perales "was not allowed cover his face" under "the Sheriff's Jail Rules and Regulations Manual." (Dkt. No. 5 at 6.) The Complaint further alleges that as a result of this policy, Perales was unable to sleep and block out the constant light in his cell. *Id.* It is plausible that the Jail had a policy banning inmates from covering their face and this policy lead to a violation of Perales constitutional rights. As a result, the Court grants Templeton and Edgcomb's motion to dismiss all claims against them in their official capacities without prejudice except for any claim seeking redress for constitutional violations caused by the Jail's express policy forbidding inmates to cover their faces. (Dkt. No. 16.)

## II. Liability of Correct Care Solutions under Section 1983

Correct Care Solutions moves to dismiss all claims asserted by Perales against it on the basis that the Complaint fails to allege that it employed the medical staff at the Jail. Correct Care Solutions also claims that the Complaint fails under 12(b)(6) because it does not allege adequate facts to hold it liable for a custom or policy. In the list of Defendants, the Complaint describes Correct Care Solutions as the "medical providers for LaSalle County Jail of Illinois." (Dkt. No. 5 at 2.) The Complaint also alleges that he received medical treatment while at the Jail. *Id.* at 7-8. Considering that at the motion to dismiss stage a pro se complaint is to be construed liberally, it is reasonable to infer that the Complaint filed pro se by Perales alleges that Correct Care Solutions employs the doctors and nurses who provided him medical treatment in the Jail and therefore Correct Care Solutions' medical officials are state actors under Section 1983. *See Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013); *Rodriguez v. Plymouth Ambulance Servs.*, 577 F.3d 816, 826-28 (considering the setting of medical care and contractual relationship between state and medical care provider in determining whether provide was a state actor).

In order to hold a private corporation providing essential government services liable for a constitutional violation under Section 1983, the constitutional violation must be caused by an unconstitutional policy or custom of the corporation. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) ("Such a private corporation cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. Respondeat superior liability does not apply to private corporations under § 1983."). Such causation can be demonstrated by a Correct Care Solutions "policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." *Id.* at 796. The Complaint does not allege that a policy

implemented by Correct Care Solutions caused violations of his constitutional rights; specifically, a violation of his Eighth Amendment right due to deliberate indifference to a serious medical need. Nor does the Complaint contain any allegations of a series of bad acts that in concert make it plausible that such a policy existed at the Jail as part of Correct Care Solutions medical services. *See id.* Instead, the Complaint merely alleges that medical officials denied him adequate health care which aggravated his diabetes and caused him to suffer stroke; it lacks any evidence of a practice, policy, or custom at the Jail of denying inmates medical treatment. The Court accordingly grants Correct Care Solutions motion to dismiss any claims against it for deliberate indifference without prejudice. *See, e.g., Hughes v. Durrent*, No. 15 C 6432, 2016 WL 626800 at *2 (N.D. Ill. Feb. 17, 2016) (granting motion to dismiss Section 1983 claims against prison's health care provider because complaint contained no allegations of an unconstitutional policy). (Dkt. No. 22.)

## III. Timeliness

The LaSalle Defendants contend that Perales's claim for unconstitutional conditions is barred by the two-year statute of limitations for Section 1983 claims in Illinois.[3] Similarly, Correct Care Solutions moves to dismiss Perales's claim for deliberate indifference on the basis that it is time barred. In a Section 1983 claim, the Court must adopt the forum state's statute of limitations for personal injury claims. *See Owens v. Okure*, 488 U.S. 235, 240 (1989). In Illinois, the state of limitations for personal injury claims is two years. 735 ILCS 5/13-202; *see Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). A claim accrues for Section 1983 purposes

---

[3] The LaSalle Defendants further move for dismissal of state law claims because they are untimely pursuant to the Illinois one year statute of limitations for civil actions against a local entity or its employees. (Dkt. No. 16 at 7.) The Complaint states that its claims seek remedies for "violation[s] of plaintiff's civil rights as protected by the Constitution and the laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986." (Dkt. No. 5 at 1.) It does not refer to state law causes of action. Thus, the Complaint asserts claims only under Section 1983 and no state law claims.

7

when the plaintiff knows or should know that her constitutional rights have been violated. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). This determination of accrual consists of two steps: first, the Court must identify the injury; and second, it must decide the date on which the plaintiff could have sued for that injury because she knew or should have known that her rights were violated. *Id.* "A § 1983 claim to redress a medical injury arising from deliberate indifference to a prisoner's serious medical needs accrues when the plaintiff knows of his physical injury and its cause. The statute of limitations starts to run when the plaintiff discovers his injury and its cause even if the full extent or severity of the injury is not yet known." *Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013). On the other hand, for continuing constitutional violations, "the two-year period starts to run (that is, the cause of action accrues) from the date of the last incidence of that violation, not the first." *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). "A violation is continuing where 'it would be unreasonable to require or even permit [a prisoner] to sue separately over every incident of the defendant's unlawful conduct.'" *Id.* (quoting *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001)). A Section 1983 claim fails to survive a motion to dismiss when based on the plaintiff's allegations the statute of limitations bars the claims asserted. *See Savory v. Lyons*, 469 F.3d 667 (7th Cir. 2006) (affirming dismissal of a Section 1983 complaint under 12(b)(6) for injury incurred in Illinois because two years had elapsed since the plaintiff knew or should have known of the constitutional injury); *Wilson v. Giesen*, 956 F.2d 738 (7th Cir. 1992) (same).

### A. Unconstitutional Conditions

Perales alleges that arrived at the Jail on August 26, 2013, moved to a different cell on October 7, 2013, and was transferred to federal custody on November 7, 2013. His complaints about the conditions at the Jail are limited to the cell he occupied from August 26 to October 7.

8

He filed the initial complaint on November 6, 2015. (Dkt. No. 1.) Unconstitutional conditions constitute a continuing violation because it would be unreasonable to require Perales to sue each time he experienced cold, constant light, etc. and therefore in order to satisfy the statute of limitations, Perales must have filed the Complaint within two years of October 7, 2013 when he changed cells. *See Turley*, 729 F.3d at 651. Perales failed to file the Complaint before October 7, 2015 and therefore the Court grants the LaSalle Defendants' motion to dismiss the Section 1983 claim for unconstitutional conditions with prejudice.[4] (Dkt. No. 16.)

B.  **Deliberate Indifference**

The Complaint states the Perales experienced a number of health problems while at the Jail, but the only condition provided a timeframe is his stroke. Perales alleges that he first learned that he had suffered a stroke in mid-October 2013 while in the Jail on March 12, 2014 when he received test results. Viewing his allegations in the light most favorable to him, it is plausible that Perales was not aware that he had suffered a stroke until he received those test results on March 12, 2014. Contrary to Correct Care Solutions' position, the statute of limitations for his deliberate indifference claim with respect to the stroke began to run on March 12, 2014 because that is when Perales discovered that he had in fact suffered a stroke in mid-October 2013. *See Devbrow*, 705 F.3d at 768. Consequently, the Court denies Correct Care Solutions' motion to dismiss Perales's deliberate indifference claim as untimely with respect to treatment for his stroke because he filed the Complaint before March 12, 2016, two years after he received the test results. *See id.*

---

[4] Correct Care Solutions briefly argues that claims for unconstitutional conditions are untimely. As the health care provider, Correct Care Solutions would not appear to be liable for the Jail's conditions. But to the extent Perales seeks to hold Correct Care Solutions liable for unconstitutional conditions, the Court grants Correct Care Solutions' motion to dismiss this claim with prejudice as it is untimely.

Turning to the remaining health problems Perales alleges he experienced, he did not provide any information about the timing of those conditions from which the Court can conclude whether Perales can bring deliberate indifference claims under the statute of limitations. For all other complaints about medical treatment Perales has not "plead[ed] himself out of court by alleging facts sufficient to establish the complaint's tardiness" such that dismissal under 12(b)(6) is warranted. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009). The Court therefore denies Correct Care Solutions' motion to dismiss the remaining deliberate indifference claims because they are barred by the statute of limitations. (Dkt. No. 22.)

## IV. Sufficiency of the Claims

### A. Failure to Protect

The LaSalle Defendants move to dismiss any Eighth Amendment claim asserted by Perales for failure to protect because it fails to state a claim considering that none of the alleged threats to Perales made by other inmates materialized in the form of physical harm to Perales. "To establish an Eight Amendment failure to protect claim, a plaintiff must show 1) that he suffered an objectively 'sufficiently serious' injury; and 2) that he was 'incarcerated under conditions posing a substantial risk of serious harm.'" *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). For the first requirement, the plaintiff must allege a "reasonably preventable assault" as the serious injury; "any fear of assault" is insufficient to state an Eighth Amendment claim for failure to protect. *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996). But an uninjured prisoner can sue for damages where "exposure to risk of harm cannot be said to result from an official's malicious or sadistic intent." *Id.* at 270.

The Complaint fails to plausibly allege that Perales suffered a sufficiently serious injury as a result of the threats made by other inmates. It does not claim that any inmate physically injured Perales but only that he feared assault, which does not constitute a serious injury for a failure to protect claim. *See id.* at 272. Furthermore, the Complaint lacks any allegation of malicious or sadistic intent by a Jail official to expose Perales to a risk of harm. *See id.* at 270. The Court thus grants the LaSalle Defendants' motion to dismiss any claim for failure to protect without prejudice. *See, e.g., Donelson v. Prado*, No. 09 C 6227, 2011 WL 941233 at *4 (N.D. Ill. Mar. 16, 2011) (finding plaintiff could not recover on failure to protect claim for being labelled a sexual predator because he was never attacked by other inmates); *Colin v. McCann*, No. 08 C 6323, 2009 WL 1066274 at *3 (N.D. Ill. Apr. 21, 2009) (granting motion to dismiss failure to protect claim because plaintiff was only threatened and not physically injured). (Dkt. No. 16.)

### B. Procedural Due Process

The LaSalle Defendants claim that any claim by Perales for relief for placement in administrative isolation in violation of his right to procedural due process should be dismissed because administrative segregation is not an actionable procedural due process claim. While "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard…no process is required if he is placed in segregation not as punishment but for managerial reasons." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). In short, "[a]s long as the purpose was indeed a preventive rather than a punitive one, he would not be entitled to notice and a hearing." *Id.* The Complaint states that Perales was placed in "Administrative Isolation without written statement or rationale as to why he was placed in solitary confinement" but includes no allegation that Perales was segregated as

11

punishment. (Dkt. No. 5 at 6.) Considering that placement in segregation must be for punitive reasons in order to state a procedural due process claim and Perales has failed to articulate the reason for his placement but labeled his segregation as administrative, the Complaint fails to state a claim for a violation of procedural due process. *Higgs*, 286 F.3d at 438. As a result, the Court grants the LaSalle Defendants' motion to dismiss any procedural due process claim without prejudice. (Dkt. No. 16.)

### C. Limitations on Shower and Exercise

The LaSalle Defendants assert that the Court should dismiss any Section 1983 claim based on deprivation of showers and exercise because limiting an inmate to showering and exercising once a week is not unconstitutional. Any claim arising from allegations that Perales was periodically allowed to shower and exercise only once a week would be based on a violation of his Eighth Amendment rights as it pertains to the constitutionality of the Jail's conditions. *See Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). A claim for unconstitutional conditions involved inspection of more than the availability of showers and exercise but rather all circumstances of the conditions must be considered to determine whether a constitutional violation exists. *See Rhodes v. Chapman*, 452 U.S. 337, 362-63 (1981) ("a court considering an Eighth Amendment challenge to conditions of confinement must examine the totality of the circumstances"); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). The Complaint alleges a number of other conditions that would be taken into account in an Eighth Amendment claim such as constant light, cold, noise, and lack of a pillow. (Dkt. No. 5 at 6.) Any inquiry into a claim for unconstitutional conditions would consider these allegations in addition to the Jail's restrictions on showering and exercise in order to account for the totality of the circumstances of Perales's conditions. The Court cannot view the alleged deprivation of showers and exercise in

isolation according to Eighth Amendment jurisprudence. *See Rhodes*, 452 U.S. at 362-63; *French*, 777 F.2d at 1255. Accordingly, the Court denies the LaSalle Defendants' motion to dismiss any claims for unconstitutional conditions based on limited showering and exercise. (Dkt. No. 16.)

### D. Deliberate Indifference

Lastly, the LaSalle Defendants argue that any claim against them for deliberate indifference to a serious medical condition should be dismissed because the Complaint does not allege that they were involved in Perales's medical care or that a custom of the LaSalle County Sheriff's Office caused the medical treatment he was provided. In order to establish that a prison official was deliberately indifferent in violation of the Eighth Amendment, a prisoner must prove that: (1) the injury is sufficiently serious as judged from an objective standpoint, and (2) the prison official was "deliberately indifferent" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish deliberate indifference, a plaintiff must allege that the official was aware of and consciously disregarded the plaintiff's medical need. *See id.* at 837. Further, the well-pled facts must demonstrate that the defendant was "personally responsible for the deprivation of a constitutional right" to be liable under Section 1983. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). A defendant cannot be liable for a constitutional violation under Section 1983 based on a theory of respondeat superior; but she can be liable if the conduct causing the constitutional deprivation occurred at the defendant's direction or with her knowledge and consent. *See id.*; *see also, Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Supervisors are personally responsible for others' actions if they "conduct and facilitate it, approve it, condone it, or turn a blind eye." *Gentry*, 65 F.3d at 561; *see also, Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (to demonstrate supervisor

liability in a Section 1983 claim, plaintiff must at least show that individual acquiesced in some demonstrable manner in the alleged constitutional violation). "In order to recover against a municipal or corporate defendant under section 1983, it is not enough for the plaintiff to show that an employee of the municipality or corporation violated his constitutional rights; he must show that his injury was the result of the municipality's or corporation's official policy or custom." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012).

With respect to Templeton and Edgcomb, the Complaint lacks any allegation that they facilitated, approved, condoned, or turned a blind eye to the health care officials' purportedly deliberate indifference to Perales's medical conditions. *See Gentry*, 65 F.3d at 561. The only mention of Edgcomb in the Complaint is that he told Perales that he was moving to a different cell, which falls far short of alleging that Edgcomb was responsible for Perales's medical treatment. (Dkt. No. 5 at 8.) Turning to the LaSalle County Sheriff's Office, which is a municipality, the Complaint is void of allegations about an official policy or custom of the Sheriff's Office that caused a violation of Perales's Eighth Amendment right. *See Rice*, 675 F.3d at 675. The Court therefore grants the LaSalle Defendants' motion to dismiss any claim for deliberate indifference without prejudice. (Dkt. No. 16.)

## CONCLUSION

For the reasons explained above, the Court grants the LaSalle Defendants' motion to dismiss claims against them for unconstitutional conditions with prejudice and claims for failure to protect, violations of procedural due process, and deliberate indifference without prejudice. (Dkt. No. 16.) The Court grants Correct Care Solutions' motion to dismiss claims against it for deliberate indifference without prejudice. (Dkt. No. 22.)

    /s/ Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 5/26/2016